William **BERGEN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 14158.

United States Court of Appeals Ninth Circuit.

June 2, 1955.

No attorney or brief for appellant.

T. D. Kauffelt, Asst. Atty. Gen. (John G. Fox, Atty. Gen., of West Virginia, on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

Warren A. Taylor, Fairbanks, Alaska, for appellant.

Theodore F. Stevens, U. S. Atty., George M. Yeager, Philip W. Morgan, Asst. U. S. Attys., Fairbanks, Alaska, for appellee.

Before BONE, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

Bergen, plaintiff-appellant, against whom judgment went in the trial court, asserts he was injured while riding as a paying passenger on a train of the Alaska Railroad, an instrumentality of the United States. Bergen apparently was sitting in a coach seat at the time the passenger car in which he was riding was derailed and turned over. The cause of the wreck we do not know. At least, there is no suggestion that Bergen caused the wreck or was guilty of negligence, contributory or otherwise, on the occasion of the derailment of the train.

■ Plaintiff's pleadings do not commend themselves to study, but under them the government was on notice that he had a claim for personal injury arising from the wreck. Plaintiff very inadequately attempted to prove that negligence of the defendant caused the wreck. In this he failed. However, we believe that this was clearly a case of an instrumentality and events solely within the control of the defendant and a case for the application of res ipsa loquitur. The burden of going forward on negligence was upon defendant, and plaintiff's abortive attempt to prove the cause of the wreck, we hold, did not remove this burden.

■ Plaintiff ever since the accident has had a lot of trouble with his leg. The government presses upon us that the trial court must have thought, assuming that negligence of the railroad caused the wreck, there was no causal connection between the wreck and any of plaintiff's physical sufferings. But the decision seems to be so steeped in the position that there was no showing of negligence that we are not fully satisfied that the trial court was of the belief that the plaintiff suffered no damage from the wreck. But we are satisfied on the record as it comes to us this time that the plaintiff was entitled to recover something. The record on this occasion is one that we would not be inclined to disturb if the plaintiff had been awarded a rather small amount, a moderate amount or a large amount.

The brief for appellant hardly conforms to any of the requirements of this court except that it is correctly entitled, is written in the English language, appears on paper and is signed by counsel for appellant.

If plaintiff's attorney continues to ignore the Federal Rules of Civil Procedure, 28 U.S.C.A. and our rules, it is inescapable that some clients will pay dearly for his indifference.

The judgment is reversed. Further proceedings will be had which are consistent with this opinion.